IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TOMMY LEE YOUNG, #247916,      )
                                       )
        Plaintiff,           )
                                       )
    v.                           )       CIVIL ACTION NO. 2:14-CV-133-WHA
                                       )               [WO]
                                       )
STATE OF ALABAMA, et al.,       )
                                       )
        Defendants.      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Tommy Lee Young ["Young"], an indigent state inmate, initiated this 42 U.S.C. § 1983 challenging conditions at the Easterling Correctional Facility.  Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they address the claims for relief presented by Young.  The report and evidentiary materials refute the self-serving, conclusory allegations presented by Young in the complaint.  Specifically, the affidavits and records filed by the defendants demonstrate that the general conditions about which Young complains did not violate the Constitution

In light of the foregoing, the court issued an order directing Young to file a response to the defendant's written report.  *Order of May 16, 2014 - Doc. No. 16*.  The order advised Young that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.

*Id.* The time allotted Young for filing a response to this order expired on June 2, 2014. *Id.* As of the present date, Young has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Young is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Young's inaction in the face of the defendants' report and the overwhelming evidence refuting the claims raised herein strongly suggests he does not seek to proceed with this case. Consequently, it appears that any additional effort by this court to secure his compliance would be unavailing. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of Young's constitutional rights occurred. In light of the foregoing, the court concludes that Young's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before November 28, 2014 the parties may file objections to the

2

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of November, 2014.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE